1 | BARRY J. PORTMAN
Federal Public Defender
2 | SHAWN HALBERT
Assistant Federal Public Defender
3 | 1301 Clay St.
Oakland, CA 94612
4 |
Counsel for Defendant
5 |
6 |
7 |
8 | IN THE UNITED STATES DISTRICT COURT
9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA
10 |
11 | UNITED STATES OF AMERICA,                    )
                                               )
12 |                    Plaintiff,              )   No. CR-05-00413 SBA
                                               )
13 |           v.                               )   STIPULATION AND [PROPOSED]
                                               )   ORDER FOR CONTINUANCE AND
14 |                                            )   EXCLUSION OF TIME UNDER THE
   FILIBERTO GOMEZ GONZALEZ                     )   SPEEDY TRIAL ACT, 18 U.S.C. §
15 | and                                        )   3161 ET SEQ.
                                               )
16 | MARTINIANO ARCIGALEON,                      )
                                               )
17 |                                            )
                                               )
18 |                    Defendants.             )

19 |        IT IS HEREBY STIPULATED, by and between the parties to this action, that the STATUS

20 | HEARING date of July 26, 2005, scheduled at 9:00 a.m., before the Honorable Saundra Brown

21 | Armstrong, be continued to September 20, 2005 at 9:00 a.m.  Defense counsel Scott Sugarman has

22 | another court appearance scheduled for September 13, 2005 at 9:00 a.m., which is why the parties

23 | are requesting September 20 rather than September 13, but if for any reason the Court wishes to

24 |
25 | schedule the matter for earlier than September 20, Mr. Sugarman will attempt to find

26 |

- 1 -

another attorney to cover the other court appearance and will appear in this case on September 13.

The requested continuance and request for exclusion of time is sought under The Speedy Trial Act, 18 U.S.C. §§ 3161(H)(8)(A) and (B)(iv).  The reasons for this continuance are as follows:

First, the government has provided defense counsel with 19 audio tapes (in addition to one video tape, one CD, and seven DVDs) containing secretly recorded conversations in which one or both defendants were participants.  These conversations are all in Spanish, and none of the parties' counsel speaks Spanish.  All of these tapes need to be transcribed.  The defense has contacted a Spanish language interpreter, who has estimated that one minute of conversation in Spanish takes up to one hour to transcribe.  The parties are in the process of determining the length of conversations on all nineteen audio tapes.  These tapes need to be transcribed before defense counsel can fully discuss the case with their clients.  It is anticipated that this process will take several weeks or more.

Second, while the government has provided substantial discovery, the government is still in the process of producing further discovery, including fingerprint results and cell phone records, that the defense counsel will need to review and discuss with their clients before determining how the case will proceed.

Third, defense counsel Scott Sugarman is unavailable due to a previously-scheduled court appearance for the entire day on July 26, 2005.  He also has a court appearance scheduled for September 13, 2005 at 9:00 a.m.  AFPD Shawn Halbert will be taking a temporary leave from the office in August and will transfer the case to another attorney within her office in August.

For all of the above reasons, including Scott Sugarman's unavailability on July 26, 2005,

1   when the parties previously appeared before Judge Brazil for the arraignment, the government and

2   the defense jointly requested that the matter not be calendared on July 26, and instead be

3   calendared some time on this Court's September calendar.  However, because Judge Brazil did not

4   know the Court's availability in September, he set the matter for July 26, 2005 with the

5   understanding that the parties would contact the Court to re-schedule the appearance in September.

6        For the foregoing reasons, the parties stipulate and agree that the ends of justice served by

7   the continuance requested herein outweigh the best interests of the public and the defendant in a

8   speedy trial because the failure to grant such a continuance would unreasonably deny counsel for

9   the defendant the reasonable time necessary for effective preparation, taking into account the

10   exercise of due diligence, and for continuity of defense counsel.  Thus, taking into account the

11   exercise of due diligence, the parties stipulate and agree to exclude time between July 26, 2005

12

13   and September 20, 2005 under 18 U.S.C. §§3161(h)(8)(A) and (B)(iv).

14

15   IT IS SO STIPULATED.

16   DATED:   July 25, 2005                    /S/_____
                                              BRIAN STRETCH
17                                            Assistant United States Attorney

18                                            DATED:  July 25, 2005

19                                                                     /S/_____

20   _____            SHAWN HALBERT
                                             Assistant Federal Public Defender
21                                           Counsel for MARTINIANO ARCIGALEON

22                                           DATED:  July 25, 2005

23        /S/_____                    SCOTT
                                                              Counsel for
24   SUGARMAN
     FILBERTO GOMEZ GONZALES

25
                              SIGNATURE ATTESTATION
26

- 3 -

I hereby attest that I have on file all holograph signatures indicated by a "conformed"

signature /S/

within this efiled document.

DATED:  July 25, 2005

/S/

_____

SHAWN

HALBERT                                                          Assistant Federal

Public Defender

# ORDER

Based on the reasons provided in the stipulation of the parties above, the Court hereby

FINDS:

The ends of justice served by the continuance requested herein, from July 26, 2005 until

September 20, 2005, outweigh the best interests of the public and the defendant in a speedy trial

because the failure to grant such a continuance would unreasonably deny counsel for the defendant

the reasonable time necessary for effective preparation, taking into account the exercise of due

diligence, and for continuity of defense counsel, in light of the following:  the parties need to

obtain translated transcripts for the 19 audio tapes that the government has provided to defense

counsel in discovery, each of which is in Spanish and contains conversations involving one or both

defendants; the government is still in the process of producing further discovery to the defense,

including fingerprint results and cell phone records; defense counsel Scott Sugarman is

unavailable due to a previously-scheduled court appearance for the entire day on July 26, 2005 and

on September 13, 2005 at 9:00 a.m.; and AFPD Shawn Halbert will be taking a temporary leave

from the office in August and will be transferring the case to another attorney within her office.

Given the above, the failure to grant the requested continuance would unreasonably deny the

defendant's counsel the reasonable time necessary for effective preparation, taking into account

due diligence.

Based on these findings, IT IS HEREBY ORDERED that time be excluded under the Speedy

Trial Act, 18 U.S.C. Section 3161(H) (8)(A) and (B)(iv) from July 26, 2005 until September 20,

2005.

IT IS FURTHER ORDERED that the STATUS HEARING date of July 26, 2005, scheduled

at 9:00 a.m., before the Honorable Saundra Brown Armstrong, be continued to September 20,

2005 at 9:00 a.m.

IT IS SO ORDERED.

DATED:   7/25/05

_____

HON. SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE